# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO LERMA, | CASE NO. 1:06-cv-01482-OWW-NEW (DLB) PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO EITHER FILE AMENDED COMPLAINT OR NOTIFY COURT OF WILLINGNESS TO PROCEED ONLY ON EXCESSIVE FORCE CLAIM AGAINST DEFENDANT RODEN |
| v. | |
| OFFICER J. RODEN, | |
| Defendant. | (Doc. 1) |
| _____/ | |

I.    Screening Order

A.    Screening Requirement

Plaintiff Leo Lerma ("plaintiff") is a former prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on October 23, 2006.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

///

_____

[1] Plaintiff was a prisoner at the time he brought this suit.

1 dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

2 claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

4 exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S.

5 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

6 plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

7 "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

8 grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  A court may dismiss a complaint only

9 if it is clear that no relief could be granted under any set of facts that could be proved consistent with

10 the allegations. Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

11 the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

12 the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey,

13 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also

14 Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

15 opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir.

16 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

17 Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

18 complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l

19 Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d

20 266, 268 (9th Cir. 1982)).

21       B.    Plaintiff's Claims

22       Plaintiff is a former inmate who was housed at the Kern County Detention Facility at the time

23 of the events at issue in this action.  Plaintiff names Officer J. Roden as a defendant, and is seeking

24 money damages.

25       Plaintiff alleges that on May 30, 2006, defendant Roden was involved in an incident of

26 excessive force against plaintiff in which plaintiff was beaten and sprayed with pepper spray.

27 Plaintiff also alleges that on June 2, 2006, defendant Roden called him a "wet back." (Doc. 1., § IV.)

28 ///

1.     <u>Excessive Force Claim</u>

1

2  "What is necessary to show sufficient harm for purposes of the Cruel and Unusual

3  Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." <u>Hudson v.</u>

4  <u>McMillian</u>, 503 U.S. 1, 8 (1992).  "The objective component of an Eighth Amendment claim is . .

5  . contextual and responsive to contemporary standards of decency." <u>Id.</u> (internal quotation marks

6  and citations omitted).  The malicious and sadistic use of force to cause harm always violates

7  contemporary standards of decency, regardless of whether or not significant injury is evident.  <u>Id.</u>

8  at 9; <u>see also</u> <u>Oliver v. Keller</u>, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force

9  standard examines <u>de</u> <u>minimis</u> uses of force, not <u>de</u> <u>minimis</u> injuries)).  However, not "every

10  malevolent touch by a prison guard gives rise to a federal cause of action." <u>Id.</u> at 9.  "The Eighth

11  Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional

12  recognition <u>de</u> <u>minimis</u> uses of physical force, provided that the use of force is not of a sort

13  repugnant to the conscience of mankind." <u>Id.</u> at 9-10 (internal quotations marks and citations

14  omitted).

15  "[W]henever prison officials stand accused of using excessive physical force in violation of

16  the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied

17  in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

18  <u>Id.</u> at 7.  "In determining whether the use of force was wanton and unnecessary, it may also be proper

19  to evaluate the need for application of force, the relationship between that need and the amount of

20  force used, the threat reasonably perceived by the responsible officials, and any efforts made to

21  temper the severity of a forceful response." <u>Id.</u> (internal quotation marks and citations omitted).

22  "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end

23  it." <u>Id.</u>

24  Under federal notice pleading standards, plaintiff's allegations are sufficient to give rise to

25  a claim for relief under section 1983 against defendant Roden for use of excessive physical force,

26  in violation of the Eighth Amendment.  Fed. R. Civ. P. 8(a).

27  ///

28  ///

1              2.     Equal Protection Claim

2          "The Equal Protection Clause . . . is essentially a direction that all persons similarly situated

3  should be treated alike." City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432 (1985) (citing

4  Plyler v. Doe, 457 U.S. 202, 216 (1982)).   "'To state a claim under 42 U.S.C. § 1983 for a violation

5  of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the

6  defendants acted with an intent or purpose to discriminate against the plaintiff based upon

7  membership in a protected class.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001)

8  (quoting Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)).  "Intentional discrimination

9  means that a defendant acted at least in part *because of* a plaintiff's protected status." Serrano v.

10 Francis, 345 F.3d 1071, 1082 (9th Cir. 2003) (quoting Maynard v. City of San Jose, 37 F.3d 1396,

11 1404 (9th Cir. 1994)) (emphasis in original).

12         Verbal harassment or abuse alone is not sufficient to state a constitutional deprivation under

13 42 U.S.C. § 1983. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987). Plaintiff's allegation

14 that defendant called him a "wet back" on June 2, 2006, is insufficient to support a claim for relief

15 under section 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment.

16 (Doc. 1, § IV.)

17         C.     Conclusion

18         Plaintiff's complaint states a cognizable claim for relief against defendant Roden for use of

19 excessive physical force, in violation of the Eighth Amendment.  However, plaintiff's complaint

20 does not state a cognizable equal protection claim.  The court will provide plaintiff with the

21 opportunity to file an amended complaint, if plaintiff wishes to do so.

22         If plaintiff does not wish to file an amended complaint and wishes to proceed against

23 defendant Roden on his excessive force claim only, plaintiff may so notify the court in writing.  The

24 court will then issue Findings and Recommendations recommending that the remaining claim be

25 dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill

26 out and return to the court.  Upon receipt of these documents, the court will direct the United States

27 Marshal to initiate service of process on defendant Roden.

28 ///

                                              4

1    In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule

2    15-220 requires that an amended complaint be complete in itself without reference to any prior

3    pleading.  As a  general rule, an amended complaint supersedes the original complaint.  See Loux

4    v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

5    pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

6    original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

7    If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

8    complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

9    625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named

10   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

11   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

12   Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

13   588 F.2d 740, 743 (9th Cir. 1978).

14   Based on the foregoing, it is HEREBY ORDERED that:

15   1.    The Clerk's Office shall send plaintiff a civil rights complaint form;

16   2.    Within **thirty (30) days** from the date of service of this order, plaintiff must either:

17   a.    File an amended complaint curing the deficiencies identified by the court in

18         this order, or

19   b.    Notify the court in writing that he does not wish to file an amended complaint

20         and wishes to proceed against defendant Roden on his excessive force  claim

21         only; and

22   3.    If plaintiff fails to comply with this order, this action will be dismissed for failure to

23         obey a court order.

24

25   IT IS SO ORDERED.

26   **Dated:    March 27, 2007**                    _____/s/ **Dennis L. Beck**_____

     3b142a                                          UNITED STATES MAGISTRATE JUDGE

27

28